[No. 40411-3-I. Division One. January 25, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. KEVIN SCOTT KING, *Appellant*.

*Eric J. Nielsen* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*James H. Krider, Prosecuting Attorney,* and *Charles F. Blackman, Deputy,* for respondent.

GROSSE, J. — CrR 3.3(c)(2)(i) states that a defendant released from jail shall be brought to trial not later than 90 days after the date of arraignment, less time elapsed in district court. Under CrR 3.3(c)(2)(ii), time elapsed in district court commences on the date of the defendant's "appearance in district court" that immediately follows the filing of the complaint. Superior court rules do not establish what constitutes an "appearance," but district court rule CrRLJ 4.1(d)(4) states that an attorney's written appearance shall commence the running of the time periods in rule 3.3. We hold that CrR 3.3(c)(2)(ii) must reference the district court rules as defining "appearance" when computing the speedy trial time period for cases first filed in district court. Thus, King's attorney's notice of appear-

ance was sufficient to start the speedy trial clock under CrR 3.3(c)(2)(ii). Accordingly, we reverse.

## FACTS

On June 13, 1996 the State filed a complaint in district court against Kevin Scott King, charging him with a felony, third degree assault. On June 19, King's attorney filed a written notice of appearance, not guilty plea, demand for a jury trial, and objection to the arraignment date. A hearing date was scheduled for July 10, but when King and his attorney appeared, they found the hearing had been stricken due to no fault of King. They returned for a rescheduled hearing on July 24.

The State moved for dismissal of the district court charges on August 9 and refiled the information in superior court on August 26. King was arraigned on September 10 and trial was set for November 8. King filed an objection to the trial setting and moved to set the trial within the speedy trial limit. Judge Richard Thorpe ruled that the speedy trial period began to run in district court on July 24, the date of King's actual physical appearance in district court. The Judge denied King's motion, holding that the September 10 trial date fell on day 89, within the 90-day speedy trial limit.

On October 29 King filed a motion to dismiss the charges for violation of his speedy trial right. Judge Gerald Knight ruled that Judge Thorpe's determination that the speedy trial period began to run on July 24 was the law of the case. In the alternative, he ruled that the speedy trial period began to run on July 10, the date of the stricken hearing at which King made his first physical appearance. Both dates fell within the speedy trial window.

King was found guilty as charged by jury trial and sentenced within the standard range. He appeals his motion to dismiss. The State appeals the court's alternative finding that King first appeared on July 10.

## DISCUSSION

CrR 3.3(c)(2)(i) states that a defendant released from

jail shall be brought to trial not later than 90 days after the date of arraignment, less time elapsed in district court. This case focuses on whether CrRLJ 4.1(d)(4), which classifies a written appearance by a defendant's lawyer in district court as an appearance for purposes of commencing the speedy trial time periods in CrRLJ 3.3, is also sufficient for purposes of determining the "time elapsed in district court" under CrR 3.3(c)(2)(ii). We hold that it is sufficient and reverse.

The time period between King's superior court arraignment and his date of trial continuance and prospective waiver, September 10 to November 7, was 58 days. As a result, the amount of time elapsed in district court must not exceed 32 days. If the date of King's attorney's appearance is the appropriate date to consider in determining the time elapsed, then the rules require dismissal of King's conviction with prejudice.[1] If the date of King's actual appearance before the district court is used, then his conviction stands.

CrR 3.3(c)(2)(ii) defines "time elapsed in district court:"

> "Time elapsed in district court" means the following: . . . If at the time a complaint is filed with the district court the defendant is not detained in jail or subjected to conditions of release, time elapsed in district court commences on the date of the defendant's appearance in district court which next follows the filing of the complaint. . . .

Both CrR 3.4 and CrRLJ 3.4 state that "[t]he defendant shall be present at the arraignment . . . except as otherwise provided by these rules[.]" In courts of limited jurisdiction, however, a lawyer's written appearance constitutes an appearance for purposes of computing the speedy trial time periods in district court.

> A written appearance shall commence the running of the time periods established in rule 3.3 from the date of its receipt

---

[1] CrR 3.3(i).

by the court, unless the time periods have previously been commenced by an appearance in open court.[2]

CrR 4.1 does not contain a similar provision.

The State contends that it was King's actual physical appearance in court that starts the clock for purposes of the superior court rules because the district court rules cease to apply in superior court. The State supports its argument with *State v. Wernick*,[3] wherein we stated that the speedy trial rule contained in JCrR 3.08, the predecessor to CrRLJ 3.3, was inappropriate for use in felony cases. Wernick, however, sought dismissal of a superior court felony charge on the basis that his speedy trial rights were violated in district court under district court rules. Because *Wernick* dealt with an assertion in a superior court action of district court speedy trial violations, it differs significantly from this case. Here, it is the superior court rule itself that is at issue.

Addressing King's speedy trial claims under the superior court rules requires we address the definition of the phrase "appearance in district court." It is noteworthy that CrR 3.3 does not use the word "arraignment," the definition of which conflicts between the superior and district court rules. Rather, CrR 3.3(c)(2)(ii) uses the word "appearance," which while not defined in the superior court rules, is defined by the district court rules. Those rules unequivocally state that a defendant's attorney's written notice of appearance constitutes an "appearance" for purposes of establishing the speedy trial time periods.

Thus, the superior court rules not only explicitly refer to the district court rules, they do so by reference to an event occurring in district court only as that event is defined by the district court rules. Accordingly, we hold that "appearance in district court" under CrR 3.3(c)(2)(ii) must mean an appearance by any of the means permitted by district court rules.

---

[2]CrRLJ 4.1(d)(4).

[3]*State v. Wernick*, 40 Wn. App. 266, 698 P.2d 573 (1985).

King was not brought to trial within the time period provided by the rules, and as a result, we reverse his conviction and order the charge dismissed with prejudice under CrR 3.3(i). The State's cross appeal is denied.

AGID, A.C.J., and Cox, J., concur.