[No. 19677-1-III.   Division Three.   March 19, 2002.]

THE STATE OF WASHINGTON, *Respondent*, v. HERBERT DAVID HARDESTY, *Appellant*.

*Janet G. Gemberling*, for appellant.

*Steven J. Tucker, Prosecuting Attorney*, and *Kevin M. Korsmo* and *Andrew J. Metts III, Deputies*, for respondent.

SWEENEY, J. — A defendant detained pretrial on a current charge must be tried within 60 days, less time elapsed in district court. Herbert D. Hardesty was serving time for a prior probation violation in Okanogan County when the State filed a complaint in Spokane County District Court charging him with residential burglary. Sixty-one days elapsed before an information on the residential burglary was filed in Spokane County Superior Court. The question before us is whether the speedy trial clock was running while Mr. Hardesty was in jail in Okanogan County, after the district court complaint was filed but before the information was filed in superior court. It was. Because the

speedy trial rule was violated, we reverse and dismiss the burglary conviction.

## FACTS

On June 21, 2000, Herbert D. Hardesty was convicted on stipulated facts of one count of residential burglary. The court had denied Mr. Hardesty's motion to dismiss the prosecution for failure to comply with the speedy trial rules. Mr. Hardesty argued that, while in the Okanogan County jail, he was amenable to process, and that the State was required to exercise due diligence to bring him to trial. We do not have the records from district court or Okanogan County. We refer to the transcript of the June 21 superior court hearing for the facts as offered by the State and relied on by the court. The events leading up to the trial were as follows.

On February 22, 1999, the State filed a complaint in Spokane County District Court against Mr. Hardesty for one count of residential burglary, a felony, allegedly committed the previous August. On February 24, the district court issued an arrest warrant. At that time, Mr. Hardesty was in jail in Okanogan County for an unrelated probation violation. Spokane County sheriff's deputies talked with the Okanogan County sheriff's deputies on February 25, and established Mr. Hardesty's location.

The district court complaint was never dismissed, nor was the warrant returned or cancelled. On April 20, a Spokane County sheriff's deputy traveled to Okanogan and executed the district court warrant. Mr. Hardesty was transported to Spokane, where he was detained in jail on the burglary warrant. On April 23, the State filed an information in Spokane County Superior Court, charging Mr. Hardesty with residential burglary. The elapsed time between the filing of the complaint in district court and the filing of the information in superior court was 61 days.

Mr. Hardesty was arraigned in superior court on April 29. This was within 14 days of the information, and the court

did not note any objection to the arraignment. The court established 60 days as the speedy trial base period because Mr. Hardesty was detained in jail on the current charge. The court calculated June 19 as the last day for speedy trial, and set trial for June 7. Clerk's Papers (CP) at 4. June 19 is 60 days from April 20, the date Mr. Hardesty was transported to Spokane County from Okanogan. In denying Mr. Hardesty's speedy trial motion, the trial court also thought April 20 commenced the 60-day period.

On May 7, within 10 days of his arraignment and trial setting, Mr. Hardesty filed a written objection to the trial date, citing the speedy trial rules. A year later, after numerous delays by both sides, the court denied Mr. Hardesty's speedy trial motion. He was tried and convicted on stipulated facts.

## ISSUE

The question before us is whether Mr. Hardesty was "detained in jail" for purposes of the speedy trial rule when the district court complaint was filed. We hold that he was.

## STANDARD OF REVIEW

■■■ The application of a court rule to particular facts is a question of law, reviewable de novo. *State v. Duffy*, 86 Wn. App. 334, 341, 936 P.2d 444 (1997). We interpret court rules as if they were statutes. *State v. Greenwood*, 120 Wn.2d 585, 592, 845 P.2d 971 (1993). The intent of the criminal rules is to achieve simplicity of procedure and effective justice, and to eliminate unnecessary delay. CrR 1.2; CrRLJ 1.2. Whenever possible, the speedy trial rules are construed so as to secure speedy trials and to avoid unnecessary dismissal with prejudice. *State v. Bernhard*, 45 Wn. App. 590, 597-98, 726 P.2d 991 (1986). If both cannot be achieved, however, the need for speedy trial prevails. *Greenwood*, 120 Wn.2d at 591.

■■■ No part of any rule should be rendered superfluous. *Bernhard*, 45 Wn. App. at 598. And we give the language its

plain English meaning. *Id*. If a rule is plain on its face, the courts may not insert additional provisions. *State v. Carmichael*, 53 Wn. App. 894, 896, 771 P.2d 364 (1989). But we do interpret and supplement the criminal rules in light of common law and case law. CrR 1.1; CrRLJ 1.1; *Greenwood*, 120 Wn.2d at 595.

## GENERAL PRINCIPLES

■■■ Our analysis begins with the well-settled principle that the State must provide a speedy trial to every defendant who is amenable to process. *State v. Huffmeyer*, 145 Wn.2d 52, 57, 32 P.3d 996 (2001); *Greenwood*, 120 Wn.2d at 601; *State v. Striker*, 87 Wn.2d 870, 876, 557 P.2d 847 (1976). A defendant incarcerated within the state is amenable to process. *Huffmeyer*, 145 Wn.2d at 61; *State v. Alexus*, 91 Wn.2d 492, 497, 588 P.2d 1171 (1979). A defendant incarcerated postconviction on another charge is available for trial. And the speedy trial period is not tolled. *Alexus*, 91 Wn.2d at 496.

■■■ The prosecution must exercise good faith and due diligence to obtain the availability of the inmate defendant for trial. *State v. Anderson*, 121 Wn.2d 852, 863-64, 855 P.2d 671 (1993). The court presumes the State could locate a defendant who is in custody in Washington with a couple of phone calls. And we expect it to do so. *Alexus*, 91 Wn.2d at 496.

■■■ Criminal charges must be dismissed with prejudice unless the accused is speedily brought to trial. CrR 3.3(i); *Greenwood*, 120 Wn.2d at 591.

## APPLICABLE RULES

■■■ ■■■ The superior court rules govern speedy trial time calculations for felony defendants against whom proceedings are initiated in district court. CrR 3.3(c)(2); *State v. Wernick*, 40 Wn. App. 266, 270, 698 P.2d 573 (1985). Hence, Mr. Hardesty's speedy trial period is calculated

under CrR 3.3. The criminal rules must be construed so as to eliminate unnecessary delay. *Greenwood*, 120 Wn.2d at 595.

Ensuring a speedy trial is a three-step process. First, the defendant must be arraigned in a timely manner. Next, the court must fix a base period of 60 or 90 days within which a trial date must be set. CrR 3.3(c)(2)(i). Finally, the court considers whether any provision of CrR 3.3 requires an adjustment to the speedy trial deadline. *See, e.g., Huffmeyer*, 145 Wn.2d at 57-58; *Greenwood*, 120 Wn.2d at 600.

## ARRAIGNMENT

The defendant must be arraigned not more than 14 days after the date the information is filed in superior court, if he or she is "detained in jail" on the date the information is filed. CrR 3.3(c)(1). Mr. Hardesty's information was filed on April 23, 1999. On this date, Mr. Hardesty had been transported to Spokane from Okanogan and was detained in the Spokane County jail on the burglary charge. He was arraigned on April 29, within 14 days. Mr. Hardesty does not complain about his arraignment date.

## ESTABLISHING THE BASE PERIOD

Generally, the State has 90 days after arraignment to bring the defendant to trial. The trial must take place within 60 days after arraignment, however, if the defendant is "detained in jail." CrR 3.3(c)(1). The State contends that 90 days was the correct base period here. It argues that the speedy trial period is 90 days, not 60 days, when a defendant is detained on an *unrelated* charge.

The State is correct that it has 90 days to try a defendant detained on an unrelated charge. *Huffmeyer*, 145 Wn.2d at 56-57. There is a reason for this. The purpose of the 30-day reduction is to minimize the loss of liberty for pretrial, presumably innocent, suspects. But this is not a factor

when the suspect is already in custody on another charge. *Bernhard*, 45 Wn. App. at 593-94.

Mr. Hardesty was not, however, detained on an unrelated charge at the time proceedings commenced in superior court. He was detained in Spokane on the burglary charge. The court correctly established the speedy trial deadline as 60 days.

## ADJUSTING THE SPEEDY TRIAL DEADLINE

### I. TIME SUBTRACTED FROM THE 60 DAYS

When a case is filed initially in district court, the trial must be held within 60 days "less time elapsed in district court." CrR 3.3(c)(2)(i). "Less" means that this time is subtracted from the 60 days. CrR 3.3(c)(2)(i) thus means that the speedy trial clock is ticking during time spent "in district court," the 60-day period is reduced, and the last permissible trial date is brought closer.

CrR 3.3(c)(2)(ii) defines "time elapsed in district court." If the defendant is "detained in jail" at the time the district court complaint is filed, time begins to elapse on the date the complaint is filed. CrR 3.3(c)(2)(ii); *State v. Brown*, 40 Wn. App. 91, 93, 697 P.2d 583 (1985). If the defendant is not in jail when the complaint is filed, district court time begins on the date of the next appearance in district court after the filing of the complaint. CrR 3.3(c)(2)(ii); *State v. King*, 94 Wn. App. 811, 814, 970 P.2d 355 (1999).

In either case, time ceases to elapse in district court in one of only two ways. Either an order of dismissal is entered in district court, or an information is filed in superior court. CrR 3.3(c)(2)(ii)(a), (b). A mere decision by the State not to pursue the case in district court does not suffice to stop the speedy trial clock. *Duffy*, 86 Wn. App. at 342.

### II. TIME ADDED TO THE 60 DAYS

CrR 3.3(g) provides for several categories of time that are "excluded" from the speedy trial computation. Paradoxi-

cally, "excluded" from the computation means "added" to the speedy trial period. This rule postpones the last permissible date for trial on a new charge during periods in which the defendant is already facing trial proceedings on an unrelated charge. CrR 3.3(g)(2). It also excludes time spent incarcerated outside Washington or in federal court. CrR 3.3(g)(6). The effect of CrR 3.3(g)(2) is to stop the speedy trial clock, thus tolling the 60-day deadline and extending the last permissible trial date into the future.

*Defending Unrelated Charges.* The current trial date will be delayed while the defendant is involved in "[p]reliminary proceedings and trial on another charge." CrR 3.3(g)(2). This exclusion applies only until the defendant enters a guilty plea, or the prior adjudication is otherwise concluded. *Huffmeyer*, 145 Wn.2d at 62, 64-65. This rule applies whether or not the defendant is in custody during these proceedings. CrR 3.3(g)(2). Its purpose is to avoid impairing the defendant's ability to defend himself. *Bernhard*, 45 Wn. App. at 597-98.

Time spent in jail *after* conviction in another matter does not affect the calculation of the time for speedy trial on the new charges. *Huffmeyer*, 145 Wn.2d at 64-65; *Greenwood*, 120 Wn.2d at 609. Once the defendant pleads guilty or the trial proceedings are otherwise concluded, the speedy trial rules are in effect for the new charges. *Bernhard*, 45 Wn. App. at 598-99. The plain language of the definition of time elapsed in district court is not restricted to those defendants in jail on the offense charged.

The net effect of all this for Mr. Hardesty is that the speedy trial clock was running while he was serving a sentence in Okanogan for a probation violation.

*Detention in Another Jurisdiction.* The State argues that the speedy trial period was tolled while Mr. Hardesty was being held outside Spokane County. This is contrary to the rule. CrR 3.3 tolls the speedy trial period while a defendant is held outside the state or in federal court. CrR 3.3(g)(6). This cannot be read to mean outside the county.

The rules distinguish between state and county and between prior and current charges. For example, the district court speedy trial rules exclude time served in jail outside the *county* in which the defendant is charged. CrRLJ 3.3(g)(5). A district court warrant is directed to all peace officers in the *state*. CrRLJ 2.2(d)(1). The rules also provide that an arrest warrant may be issued unless the defendant "has already been arrested *in connection with the offense charged* and is in custody." CrRLJ 2.2(a) (emphasis added). Moreover, the proposition that CrR 3.3 is suspended if the defendant is already incarcerated for another conviction within Washington cannot be reconciled with binding precedent which explicitly holds otherwise. *Alexus*, 91 Wn.2d at 497.

## APPLICATION OF THE RULE

The court here failed to subtract from Mr. Hardesty's 60-day speedy trial period in-state postconviction jail time. The State justifies this under the reasoning given by *Huffmeyer* and *Bernhard* for restricting the definition of "detained in jail" for the purpose of fixing the speedy trial limit at 60 or 90 days. This defeats half the purpose of the rule.

In *Bernhard* and *Huffmeyer*, the question was whether 60 or 90 days was the base period. Once 60 days was decided upon, CrR 3.3(g)(2) was considered to exclude time spent in preconviction proceedings on another charge. *Bernhard*, 45 Wn. App. at 595; *Huffmeyer*, 145 Wn.2d at 57, 58. The *Bernhard* court explained that the reason for this exclusion is to avoid compromising the defendant's ability to defend himself on the other charge. *Bernhard*, 45 Wn. App. at 597.

Once the preliminary proceedings and trial in the other matter are concluded, no reason exists not to proceed with arraignment and trial on the current charges. *Bernhard*, 45 Wn. App. at 596, 598.

Here, no other proceedings were ongoing which would have prejudicially distracted Mr. Hardesty from defending

himself if speedily brought to trial on this burglary charge. He was not facing preliminary proceedings or trial. He was serving time for a probation violation, postconviction time. *State v. Pacheco*, 107 Wn.2d 59, 64-65, 726 P.2d 981 (1986); *State v. Blair*, 57 Wn. App. 512, 515-16, 789 P.2d 104 (1990). The time he was serving on the probation violation was not a reason to stop the clock.

The State did not seek an order dismissing its district court complaint. It filed a superior court information, albeit 61 days later. By the plain language of CrR 3.3(c)(2)(ii), therefore, 61 days elapsed in district court. Mr. Hardesty was neither outside the state nor facing unrelated trial proceedings. None of the exclusions of CrR 3.3(g), therefore, applies. Neither does the reasoning of *Huffmeyer* support withholding the right to a speedy trial to defendants who are being held posttrial for another offense. To the contrary, our Supreme Court has consistently held that incarceration on an unrelated conviction in Washington does not strip a felony defendant of the right to a speedy trial once charges are filed. *Huffmeyer*, 145 Wn.2d at 63; *Alexus*, 91 Wn.2d at 497.

## PURPOSE AND POLICY

Our holding also comports with the purpose of the rules to provide speedy trials while avoiding unnecessary dismissals.

Moreover, the public benefits from speedy trials. *See, e.g., Striker*, 87 Wn.2d at 876-77. Criminal defendants often gain definite advantages through delay. Stale cases are susceptible to successful challenge by the defense. Witnesses become unavailable. Delayed trials add to court congestion and increase the frequency of plea bargaining, which dilutes the deterrent effect of prosecution. *Striker*, 87 Wn.2d at 876-77.

The rules contemplate that a felony prosecution commenced for some reason in district court will either be transferred to the superior court "without unnecessary

delay," or dismissed. CrRLJ 3.2.1(g)(1), (2). Mr. Hardesty was charged with residential burglary, a class B felony. RCW 9A.52.025(2). District courts do not have jurisdiction to hear felonies. RCW 3.66.060. The confusion here would have been avoided by filing the felony charge in superior court to begin with.

## WAIVER

Finally, the State suggests that Mr. Hardesty waived the right to assert his speedy trial rights by not objecting to the arraignment date. But the arraignment date was not disputed, and is not, therefore, relevant. CrR 3.3(f) gives the defense 10 days after arraignment and trial setting to object to the trial date. Mr. Hardesty did this. Moreover, the superior court acknowledged that Mr. Hardesty was not waiving his speedy trial objection. CP at 7.

## CONCLUSION

Mr. Hardesty was amenable to process on the burglary charge while he was serving time in Okanogan County. He was in custody on the felony charge when he was transferred to Spokane County. His speedy trial rights were governed by the superior court rules which required trial within 60 days, minus district court time. District court time commenced with the filing of the complaint in February, and ran until the information was filed in April. No applicable court rule excludes any of this time. Time elapsed in district court was, therefore, 61 days. The remedy required by the rules is dismissal with prejudice.

We need not reach the propriety of permitting Mr. Hardesty to appear pro se at the trial or his pro se timeliness arguments. The State's motion to strike is therefore moot.

Reversed and dismissed.

BROWN, A.C.J., and SCHULTHEIS, J., concur.

Reconsideration denied May 2, 2002.

Review granted at 147 Wn.2d 1020 (2002).