[No. 72633-7.    En Banc.]
Argued February 27, 2003.    Decided April 17, 2003.

THE STATE OF WASHINGTON, *Petitioner*, v.
HERBERT HARDESTY, *Respondent*.

Steven J. Tucker, Prosecuting Attorney, and Andrew J. Metts III, Deputy, for petitioner.

Janet G. Gemberling, for respondent.

John D. Blair-Loy on behalf of Washington Association of Criminal Defense Lawyers, amicus curiae.

MADSEN, J. — Petitioner State of Washington seeks review of a decision by the Court of Appeals reversing and dismissing Herbert Hardesty's conviction for residential burglary based on a violation of his right to speedy trial under CrR 3.3(c)(2). The Court of Appeals held that a defendant who is detained in another county on an unrelated charge is "detained in jail" for purposes of CrR 3.3(c)(2)(ii). We hold that a defendant is "detained in jail" for purposes of commencing "time elapsed in district court" if, at the time the State files a complaint, the defendant is detained on that current charge. Since Mr. Hardesty was detained on an unrelated charge, he was not "detained in jail" within the meaning of the rule. We reverse the Court of Appeals and reinstate Hardesty's conviction.

## PROCEDURAL HISTORY

On February 22, 1999, the State filed a complaint against Hardesty in Spokane County District Court alleging one count of residential burglary. On February 24, 1999, the district court issued an arrest warrant. At that time Hardesty was in jail in Okanogan County on an unrelated matter. On April 20, 1999, a Spokane County sheriff's deputy traveled to Okanogan County where he served the district court warrant on Hardesty. Hardesty was then transported to the Spokane County jail under authority of that warrant. On April 23, 1999, the State filed an information in Spokane County Superior Court. Arraignment was held on April 29, 1999, and a trial date was set for June 7, 1999. Hardesty was detained pending trial.

On May 7, 1999, Hardesty filed an objection to the trial date and moved to reset the trial within the time prescribed by the rule. Hardesty was released on his own recognizance on May 10, 1999 but subsequently failed to appear at a May 18, 1999 scheduling hearing. A bench warrant for his arrest was issued. For reasons not relevant to the issue before this court, Hardesty's trial was delayed until June 21, 2000.

In a pretrial motion to dismiss, Hardesty argued that his right to speedy trial was violated pursuant to CrR 3.3 and *Greenwood* because of the State's delay in serving the district court warrant. *State v. Greenwood*, 120 Wn.2d 585, 845 P.2d 971 (1993) (establishing constructive arraignment date where there is unnecessary delay). He argued that the State failed to exercise good faith and due diligence to secure his presence in Spokane County and that, since under CrR 3.3(c)(2)(ii) he was "detained in jail," the time for speedy trial began to run on the date the burglary complaint was filed in district court. Subtracting the "time elapsed in district court" from the date the information was filed in superior court, Hardesty contended that his time for trial elapsed prior to his April 29 arraignment date. Additionally, he argued that the time he spent in Okanogan County was not excluded under CrR 3.3(g)(2). The trial court denied Hardesty's motion.

Hardesty appealed, arguing that when charges are initiated in district court, the time a defendant is incarcerated in another county on an unrelated charge is "time elapsed in district court" for purposes of CrR 3.3(c)(2):

The definition of time elapsed in district court is not limited to time a defendant is detained in jail in the county in which the complaint is filed, nor is it limited to time the defendant is detained in jail pursuant to a warrant issued by the district court of the county in which the complaint is filed.

Br. of Appellant at 4.

The Court of Appeals agreed, holding that since Hardesty was detained in Okanogan County when the State filed the complaint in this case, he was "detained in jail" for purposes of commencing the "time elapsed in district court." *State v. Hardesty*, 110 Wn. App. 702, 713, 42 P.3d 450 (2002); CrR 3.3(c)(2)(ii). Because the State was required to bring Hardesty to trial within 60 days of arraignment, less the 61 days elapsed in district court, the court held that time for trial had expired; accordingly, the court reversed Hardesty's conviction and dismissed with prejudice. *Hardesty*, 110 Wn. App. at 713.

We granted the State's petition for review.[1]

## ANALYSIS

Superior court criminal rule CrR 3.3(c)(2) establishes the time for arraignment and trial when the State initially files a felony charge in district court and later files the case in superior court:

If after proceedings have been initiated in district court an information or indictment is filed with the superior court, and if at the time the information or indictment is filed the defendant is detained in jail or subjected to conditions of release, the defendant shall be arraigned not later than 14 days

---

[1] Subsequently, Hardesty moved to supplement the record with a copy of his jail records from Spokane County. The State also moved to supplement the record with a copy of the Spokane County District Court certified computer docket record. The proposed supplements to the record do not affect the issue presently before this court; thus, we deny both Hardesty's and the State's motions.

after the date the information or indictment is filed. If after proceedings have been initiated in district court an information or indictment is filed with the superior court, and if at the time the information or indictment is filed the defendant is not detained in jail or subjected to conditions of release, the defendant shall be arraigned not later than 14 days after the date of that appearance in superior court which next follows the filing of the information . . . .

CrR 3.3(c)(2)(i). If a defendant is not released from jail pending trial, he or she "shall be brought to trial not later than 60 days after the date of arraignment, less time elapsed in district court." *Id.* If the defendant is released, whether or not subject to conditions, he or she "shall be brought to trial not later than 90 days after the date of arraignment, less time elapsed in district court." *Id.* The rule further explains "time elapsed in district court":

If at the time a complaint is filed with the district court a defendant is *detained in jail or subjected to conditions of release,* time elapsed in district court commences on the date the complaint is filed. If at the time a complaint is filed with the district court the defendant is *not detained in jail or subject to conditions of release,* time elapsed in district court commences on the date of the defendant's appearance in district court which next follows the filing of the complaint.

CrR 3.3(c)(2)(ii) (emphasis added).

The State argues that the Court of Appeals erred in interpreting the phrase "detained in jail" in CrR 3.3(c)(2)(ii) to mean detained in any Washington jail on any charge. *Hardesty,* 110 Wn. App. at 710. The court determined that "[t]he plain language of the definition of time elapsed in district court is not restricted to those defendants in jail on the offense charged"; accordingly, in this case, "time elapsed in district court" commenced with the filing of the complaint because Hardesty was detained in Okanogan County on an unrelated charge at that time. *Id.* at 710, 713.

The State argues that the Court of Appeals' interpretation is inconsistent with the language and intent of CrR 3.3. The State contends that a defendant is "detained in jail" for

purposes of calculating "time elapsed in district court" in the current case only if he is detained in jail on the current charge and in the filing county. CrR 3.3(c)(2)(ii).

In *State v. Huffmeyer*, we clarified that a person detained in another county on an unrelated charge is not "detained in jail" for purposes of CrR 3.3(c)(1). 145 Wn.2d 52, 57, 32 P.3d 996 (2001) (citing *State v. Thompson*, 57 Wn. App. 688, 690, 790 P.2d 180 (1990), *aff'd sub nom. Greenwood*, 120 Wn.2d 585); *see also State v. Bernhard*, 45 Wn. App. 590, 594, 726 P.2d 991 (1986). CrR 3.3(c)(1) addresses the times for arraignment and trial when a case is filed directly in superior court. If the defendant is "detained in jail or subjected to conditions of release," he or she shall be arraigned within 14 days of the filing of the information; if neither condition exists, arraignment must occur within 14 days of the defendant's first appearance in superior court following the filing of the information. CrR 3.3(c)(1). Within this section of CrR 3.3, the phrase "detained in jail" means detained on the current charge. *Huffmeyer*, 145 Wn.2d at 57; CrR 3.3(c)(1).

Subsections (c)(1) and (c)(2) are similar in that both address the times for arraignment and trial when a case is either filed directly in superior court ((c)(1)) or initially in district court ((c)(2)). Consistency and common sense dictate that when CrR 3.3(c)(2)(ii) directs that "time elapsed in district court" commences with the filing of the current complaint if the defendant is "detained in jail," the rule means detained on the current charge and not detained on an unrelated charge.

Our interpretation not only comports with a logical reading of the rule but with the intent of the Rules for Superior Court: "to secure simplicity in procedure, fairness in administration, effective justice, and the elimination of unjustifiable expense and delay." CrR 1.2. If the State files a complaint and holds the defendant on the charge or subjects him to conditions of release, he will suffer a loss of liberty due directly to the current charge; thus, justice and fairness require that time elapsed in district court commence with the filing of the complaint and that this time be

included in calculating the time for trial. If the defendant is not detained on the current charge or subject to conditions of release, however, he suffers no loss of liberty and time elapsed in district court commences with the defendant's first appearance in district court following the filing. A defendant already detained on an unrelated charge would be detained whether or not the subsequent complaint was filed and does not suffer any additional loss of liberty due to the filing of the complaint. In sum, the language and intent of CrR 3.3(c)(2)(ii) is best effectuated by reading "detained in jail" for purposes of determining "time elapsed in district court" as meaning detention on the current charge at the time of filing.

We disagree, however, with the State's contention that "detained in jail" means detained in the filing county only. Such an interpretation does not further the intent of the rule, which is to ensure a speedy trial for defendants whose charges are initially commenced in district court. Whether the defendant is detained within the filing county is irrelevant; the proper focus is whether the defendant is detained on the current charge.

For purposes of CrR 3.3(c)(2)(ii), we hold that "time elapsed in district court" commences with the filing of the complaint if the defendant is detained in jail or subject to conditions of release on the current charge. At the time the State filed the district court complaint for residential burglary in this case, Hardesty was not detained in jail on that charge. Accordingly, "time elapsed in district court" commenced on the date of Hardesty's first appearance in district court following the filing of the complaint. Hardesty was arrested on the district court warrant on April 20, 1999. The State filed an information in superior court on April 23, 1999, and Hardesty was arraigned six days later on April 29, 1999. At the most, three days elapsed in district court before the State filed an information in superior court, ending time in district court. See CrR 3.3(c)(2)(ii) ("Time elapsed in district court ends with the earlier of (a) an oral or written order of dismissal entered by the district court, or (b) the filing of an information or indictment in superior court."). Under the rule, the court had 60 days, less up to

three days elapsed in district court, to bring Hardesty to trial. Trial was originally set for June 7, 1999, well within the required time for trial under CrR 3.3(c)(2).[2]

Accordingly, we reverse the Court of Appeals' decision and reinstate Hardesty's conviction for residential burglary. We remand this case to the Court of Appeals to address the issues of permitting Hardesty to appear pro se at trial as well as his pro se timeliness arguments.

We remand this case to the Court of Appeals to address the issues of permitting Hardesty to appear pro se at trial as well as his pro se timeliness arguments.

ALEXANDER, C.J., and JOHNSON, SANDERS, IRELAND, BRIDGE, CHAMBERS, OWENS, and FAIRHURST, JJ., concur.

After modification, further reconsideration denied June 6, 2003.

[No. 03603-9.  En Banc.]
Argued January 16, 2003.     Decided April 24, 2003.

---

[2] Hardesty and amicus curiae, Washington Association of Criminal Defense Lawyers, belatedly argue that the *Striker/Greenwood* rule should apply to CrR 3.3(c)(2) to create an artificial "time elapsed in district court" where a long and unnecessary delay occurs in bringing the defendant to district court. Suppl. Br. of Resp't; Br. of Amicus Curiae Wash. Ass'n of Criminal Defense Lawyers. *See State v. Greenwood,* 120 Wn.2d 585, 591, 845 P.2d 971 (1993); *State v. Striker,* 87 Wn.2d 870, 557 P.2d 847 (1976). The issue is not timely raised, and accordingly, we decline to decide the issue at this time.