FILED
COURT OF APPEALS
DIVISION II

2013 SEP 17 AM 8: 42

STATE OF WASHINGTON

BY_____
DEPUTY

**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON | No. 44005-9-II |
| Respondent, | |
| v. | |
| JOSEPH JAMES MARTIN, JR., | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J. — Joseph James Martin, Jr. appeals his jury trial convictions for first degree rape, first degree burglary, second degree assault, violation of a court order, and unlawful imprisonment. Martin claims the trial court erred when it (1) continued Martin's case past the time for trial, violating CrR 3.3; (2) admitted evidence of Martin's prior crimes; and (3) imposed community custody conditions unrelated to the charged crime. Because the trial court violated Martin's CrR 3.3 time for trial right, we accept the State's concession, reverse Martin's convictions, and dismiss his charges with prejudice.

FACTS

The State charged Martin with first degree rape, first degree burglary, second degree assault, violation of a court order, and unlawful imprisonment, with all charges alleging domestic violence. While awaiting trial, Martin was in custody. The trial court initially set Martin's trial date for February 28, 2012, but over the next two months, without any objection, it granted four continuances.

On April 24, though the parties were ready for trial, the trial court continued the trial to May 15 because no judges were available.[1] Martin objected, arguing that the May 15 date extended beyond the CrR 3.3 time for trial window. The trial court clarified, "Judge Roof is in a long trial. Judge Dalton is in a long trial. Courtrooms are taken up. . . . There are no judges available for trial." Verbatim Report of Proceedings (VRP) (Apr. 24, 2012) at 3.

Then, on May 15, Martin stated he was again ready for trial, and the trial court continued the matter to May 22, announcing, "I do not have either a trial judge or a trial courtroom available." VRP (May 15, 2012) at 2. Martin again objected and stated that based on the court's prior rulings, the time for trial would expire May 24.

On May 22, while Martin again noted his readiness for trial, the court again continued the case to May 29, asserting, "I talked to the court scheduler today. There is not a courtroom nor a judge available to try this matter." VRP (May 22, 2012) at 2. Martin objected, saying the May 29 date would go beyond the CrR 3.3 time for trial.

On May 29, the court again continued the case, noting, "[T]here is only one judge available and one courtroom available to take a matter out for trial for two days, and I previously filled that slot this morning with State vs. Bollinger." VRP (May 29, 2012) at 2. Martin again objected and the trial court set the trial for June 26; the trial began on that date. At trial, the jury found Martin guilty on all counts.

---

[1] Kitsap County has eight superior court judges and one court commissioner.

## ANALYSIS

### TIME FOR TRIAL

Martin argues that the trial court violated his CrR 3.3 time for trial right. Br. of Appellant at 5.The State concedes the error. We accept the State's concession.

We review alleged violations of CrR 3.3 de novo. *State v. Kenyon*, 167 Wn.2d 130, 135, 216 P.3d 1024 (2009); *State v. Lackey*, 153 Wn. App. 791, 798, 223 P.3d 1215, *review denied*, 153 Wn.2d 1034 (2010). The decision to grant or deny a motion for a continuance rests within the sound discretion of the trial court and we will not disturb the trial court's decision unless the appellant clearly shows the trial court's decision was manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. *State v. Flinn*, 154 Wn.2d 193, 199, 110 P.3d 748 (2005).

A trial court must set a trial date within 60 days of the defendant's arraignment if the defendant is in custody. CrR 3.3(b)(1)(i). But, a trial court may grant continuances for good cause, and those continuances are excluded in computing the time for trial. *See* CrR 3.3(e)(3). For example, if a court grants a continuance for "[u]navoidable or unforeseen circumstances affecting the time for trial beyond the control of the court or of the parties," that time is excluded from the time for trial. CrR 3.3(e)(8). When a trial court grants a continuance that excludes a period of time under CrR 3.3(e), the time for trial extends to at least "30 days after the end of that excluded period." CrR 3.3(b)(5). If the defendant's trial does not begin within the limits of CrR 3.3 and the defendant objects timely, then the court must dismiss the charge with prejudice. CrR 3.3(d)(3), (h).

Court congestion is not a valid reason to continue a case beyond the time for trial. *Flinn*, 154 Wn.2d at 200; *Kenyon*, 167 Wn.2d at 139. If court congestion is the primary reason for a continuance, "the court must record details of the congestion, such as how many courtrooms were actually in use at the time of the continuance and the availability of visiting judges to hear criminal cases in unoccupied courtrooms." *Flinn*, 154 Wn.2d at 200. In *Kenyon*, the trial court ruled that "the unavailability of a judge to preside over Kenyon's case was an unavoidable circumstance because it was already presiding over another case and the other judge was on vacation." 167 Wn.2d at 137. The Supreme Court held that the trial court violated Kenyon's CrR 3.3 time for trial right by failing to document "the availability of pro tempore judges and unoccupied courtrooms." *Kenyon*, 167 Wn.2d at 139.

Here, like *Kenyon*, the trial court improperly continued Martin's trial beyond the time for trial when it cited courtroom congestion as the reason for the continuance without documenting sufficient details about the availability of pro tempore judges and unoccupied courtrooms. On April 24, when Martin objected to the continuance, the court only identified two unavailable Kitsap County judges out of the eight superior court judges; and, the trial court just generally stated that courtrooms were unavailable. The trial court's rationale falls short of the *Kenyon* and *Flinn* requirements. Similarly, the trial court's explained reasons for continuing the trial on May 15, May 22, and May 29 also fall short because the trial court failed to document available pro tempore judges or make an inventory of courtrooms. Because the trial court did not document good cause to continue the trial on April 24, May 15, May 22, or May 29, Martin's time for trial expired on May 24, and the trial court violated his CrR 3.3 time for trial right. CrR 3.3(b)(5).

No. 44005-9-II

We accept the State's concession. Like the Supreme Court in *Kenyon*, we reverse Martin's jury trial convictions and dismiss the charges against Martin with prejudice. *See Kenyon*, 167 Wn.2d at 139.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Johanson, A.C.J.

We concur:

_____
Penoyar, J.

_____
Hunt, J.

5