126 P.3d 93 (2006)
131 Wash.App. 239
STATE of Washington, Respondent,
v.
Keith Gregory GEORGE, Appellant.
No. 54805-1-I.
Court of Appeals of Washington, Division 1.
January 17, 2006.
Thomas Michael Kummerow, Sarah Mcneel Hrobsky, Washington Appellate Project, Seattle, WA, for Appellant.
Deborah A. Dwyer, King Co. Pros. Ofc/Appellate Unit, Seattle, WA, for Respondent.

*94 PUBLISHED IN PART
ELLINGTON, J.
¶ 1 Keith George was convicted of two misdemeanor no contact order violations, one occurring in Kent and the other in Renton, and one charge of felony harassment of his wife, Julianna. George did not attend two hearings on the Renton charge because he was in custody elsewhere on other charges; each time, the court reset the speedy trial clock to zero. We hold this did not violate George's right to a speedy trial.
¶ 2 In the unpublished portion of this opinion we also hold that George's conviction on the Kent charge did not violate double jeopardy principles, that sufficient evidence supported both misdemeanor convictions, and that juror bias did not taint the deliberations. We thus affirm the misdemeanor convictions. We accept the State's concession of error as to the felony harassment conviction, however, because a jury instruction omitted an essential element of the crime. We therefore vacate that conviction and remand for retrial.

BACKGROUND
¶ 3 While Keith and Julianna George[1] were living together in California, George physically abused Julianna, and she obtained a restraining order against him. The order was issued on July 10, 2001 in San Joaquin County, and was valid for three years in all 50 states. George was served with the order on November 19, 2001.
¶ 4 Thereafter, George and Julianna reunited and relocated to Seattle. George's abusive behavior continued, and in July 2003, Julianna moved into a domestic violence shelter.
¶ 5 On December 22, 2003, George attempted to visit Julianna at her workplace. As a result of that visit, George was charged in Renton with violation of the California restraining order. George was arraigned in Renton Municipal Court on February 4, 2004.
¶ 6 Ten days later, George spoke to a friend, Carina Borjas, and made threats to kill Julianna. Borjas told Julianna of the threats.
¶ 7 On February 21, 2004, George appeared at Julianna's domestic violence shelter. As a result of that visit, George was charged in Kent Municipal Court with violation of the California restraining order. Three days later, George was charged in King County Superior Court with felony harassment by threats to kill, and with the misdemeanor charge already pending in Kent.
¶ 8 On April 28, 2004, Kent Municipal Court dismissed the Kent charge with prejudice for insufficient evidence of personal service. The superior court charge on the same violation remained pending.
¶ 9 On June 14, 2004, Renton Municipal Court dismissed the Renton charge to allow it to be refiled in superior court with the felony. On July 13, 2004, the State amended the King County information to add the Renton misdemeanor charge. George made a speedy trial objection. The court informed George that briefing would be required to address the speedy trial objection, but none was ever submitted. Trial began that day on all three charges, and George was convicted on all three charges.

ANALYSIS
¶ 10 Time for Trial Violation. George contends his conviction on the Renton offense violated speedy trial rules. A defendant must be brought to trial within 60 days of his arraignment if he is in custody and within 90 days if he is not.[2] When the time for trial rule is violated, the remedy is dismissal with prejudice.[3]
¶ 11 We need not belabor the details of George's custody status at various times, or the various hearings and dates underlying George's argument. Simply stated, George was in custody elsewhere on other municipal court charges (first in the Kent jail, then in *95 the Regional Justice Center) and so did not appear on two occasions when pretrial hearings were scheduled in Renton municipal court. Each time, the Renton court reset the speedy trial time clock to zero. Eventually, on June 15, the Renton court dismissed the charge to allow King County prosecutors to file it in superior court.
¶ 12 George contends that because he was in custody, he did not fail to appear for purposes of the time for trial rule, and the trial court erred in resetting the commencement dates. We disagree.
¶ 13 The impact of a defendant's failure to appear at a hearing on the time for trial is governed by CrRLJ 3.3(c)(2)(ii), which since 2003[4] has provided as follows:
(2) Resetting of commencement date. On occurrence of one of the following events, a new commencement date shall be established, and the elapsed time shall be reset to zero....
....
(ii) Failure to appear. The failure of the defendant to appear for any proceeding at which the defendant's presence was required. The new commencement date shall be the date of the defendant's next appearance.[[5]]
Under the plain language of this section, each failure to appear resets the speedy trial clock.[6]
¶ 14 Essentially George contends that because a defendant in custody must depend upon the efforts of the State for his or her appearance in court, we must interpret CrRLJ 3.3(c)(2)(ii) as imposing a duty of good faith and due diligence upon the municipality to ensure the defendant's presence, absent which a failure to appear cannot extend the speedy trial calculation. In the circumstances presented, we reject this argument.
¶ 15 City of Seattle v. Guay[7] addresses a different rule, but is nonetheless instructive. Interpreting former CrRLJ 3.3(g)(5),[8] under which time spent incarcerated in another county was excluded from the speedy trial calculation, the court considered whether a municipality should have a duty like that imposed on the State in felony cases,[9] such that if the location of the defendant is known and he or she is amenable to service of a warrant, the municipality must exercise due diligence to obtain his or her presence.[10] The court refused to impose such a duty, holding that although courts of limited jurisdiction have inherent authority to issue transport orders, their authority does not extend to compelling the holding county to *96 release the defendant.[11] The court noted that statutes exist to facilitate transfers of felony defendants, but the legislature has created no mechanism by which courts of limited jurisdiction may compel the transfer of a misdemeanant held by another jurisdiction.[12] Under these circumstances, the court held that time spent in jail in another county was properly excluded from the speedy trial calculation under CrRLJ 3.3(g)(5).[13]
¶ 16 As a court of limited jurisdiction, Renton Municipal Court had no power to require George's transport to Renton while he was held by other jurisdictions on other charges. In practice such transports are common, but they depend upon voluntary cooperation and uncertain resources, and are thus unreliable. The only way to ensure George could participate in his trial preparation was to reset the commencement date. Under the present rule, this is the required result even where a defendant fails to appear because he or she is held in custody by another jurisdiction.[14] There was no speedy trial violation.[15]
¶ 17 George's conviction for the Renton nocontact order violation is affirmed.
¶ 18 The balance of this opinion having no precedential value, the panel has determined it should not be published in accordance with RCW 2.06.040.
WE CONCUR: APPELWICK, A.C.J., and AGID, J.
NOTES
[1] Because the appellant and the victim share the same last name, we occasionally refer to Julianna by her first name for purposes of clarity.
[2] CrRLJ 3.3(b)(1), (2).
[3] CrRLJ 3.3(h).
[4] The comments to the 2003 amendments to CrR 3.3 encourage us to avoid judicial gloss on these rules:

Task Force members are concerned over the degree to which the time-for-trial standards have become less governed by the express language of the rule and more governed by judicial opinions. To address this concern, the task force has tried to fashion a rule that is simpler, has fewer ambiguities, and covers more of the field of time-for-trial issues, with the hope that a reader of the rule will have a better understanding of the overall picture than currently exists.
TIME-FOR-TRIAL TASK FORCE FINAL REPORT, § I(B) (Wash. Courts 2002), http://www.courts.wa.gov/ programs_orgs/pos_tft.
[5] (Emphasis added).
[6] The rule makes some exceptions not relevant here. For example, CrRLJ 3.3(e)(6) provides that periods when the defendant is held outside the county or is in federal custody are excluded from the speedy trial calculation. A failure to appear during such a period thus extends, but does not reset, the time for trial under CrRLJ 3.3(c). Also excluded from the rule is a failure to appear resulting from unavoidable or unforeseen circumstances beyond the control of the court or parties. CrRLJ 3.3(e)(8).
[7] 150 Wash.2d 288, 76 P.3d 231 (2003).
[8] Former CrRLJ 3.3(g)(5) (amended effective 9/1/03) excluded "[t]he time during which a defendant is detained in jail or prison outside the county in which the defendant is charged or in a federal jail or prison and the time during which a defendant is subjected to conditions of release not imposed by a court of the State of Washington." This provision is identical to CrRLJ 3.3(e)(6).
[9] See State v. Anderson, 121 Wash.2d 852, 865, 855 P.2d 671(1993) (State must exercise due diligence to bring a defendant to superior court where a mechanism exists to do so such as the interstate agreement on detainers).
[10] Guay, 150 Wash.2d at 295, 76 P.3d 231.
[11] Id. at 304, 76 P.3d 231.
[12] The court noted: "The absence of ... a mechanism in the case of misdemeanors is ... significant because it leaves no guidance as to the allocation of costs or burdens involved in the transport of misdemeanant defendants .... This type of allocation is legislative in nature and exceeds the authority of this court." Id. at 301, 76 P.3d 231.
[13] Id.
[14] We express no opinion as to whether a showing of due diligence is required where a defendant is held by the same jurisdiction in which the charges are pending.
[15] We note that even if we adopted George's speedy trial calculation, George waived the issue by failing to object to the trial date. George was arraigned on February 4, 2004. Under George's calculation, his 90-day time for trial expired on May 4, 2004. On April 13, 2004, a jury trial was scheduled for May 6, 2004, two days after the 90-day time for trial expired. Contrary to the requirements of CrRLJ 3.3(d)(3), George did not object to the trial date, thus waiving any objection.