[Nos. 54910-3-I; 55335-6-I. Division One. January 30, 2006.]

THE STATE OF WASHINGTON, *Petitioner*, v. DENNIS DEAN
STEEVER, *Respondent*.

THE STATE OF WASHINGTON, *Respondent*, v. SARUN CHHOM,
*Petitioner*.

*Norm Maleng, Prosecuting Attorney,* and *Deanna J. Fuller, Deputy,* for the State.

*Christine A. Jackson* (of *The Public Defender*), for petitioner Chhom and respondent Steever.

¶1 ELLINGTON, J. — These joined cases present a single issue: Is time for trial tolled on a pending King County district court charge while the defendant is incarcerated in the Yakima County jail serving a sentence imposed by a King County municipal court? We hold it is and reinstate charges against Sarun Chhom and Dennis Dean Steever.

## BACKGROUND

¶2 Steever and Chhom were convicted of misdemeanor offenses by the municipal courts of Burien and Bellevue, respectively. In early 2003, both men were transported to Yakima County jail to serve their sentences pursuant to contracts each municipality has with Yakima County. At the time of transport, both defendants had pending misdemeanor charges in King County district courts.[1]

¶3 Separate King County district courts dismissed those charges on speedy trial grounds, finding that time for trial did not toll while defendants were incarcerated in Yakima. The State appealed, arguing that periods where defendants are detained outside the county are excluded from the time for trial calculation under former CrRLJ 3.3(g)(5) (1995).[2] Interpreting this rule, one superior court affirmed (Steever) and the other reversed (Chhom). We granted discretionary review.

## ANALYSIS

■ ■ ¶4 *Standard of Review.* Review on appeal, here and in the superior court, is governed by the standards contained in RALJ 9.1.[3] A trial court's order on a motion to dismiss for speedy trial purposes is reviewed for manifest abuse of discretion.[4] A court abuses its discretion where it applies the wrong legal principle, or where the decision is

---

[1] Steever was charged in King County District Court (South Division) with driving while under the influence and hit and run unattended with property damage. Steever's cases were joined and transferred to King County District Court (West Division). Chhom was charged in King County District Court (Shoreline) with driving while license suspended (second degree).

[2] CrRLJ 3.3 was amended effective September 1, 2003. Subsection (g)(5) was renumbered (e)(6); no substantive changes were made. Steever and Chhom's cases occurred prior to the amendment, hence the former version of the rule is referenced in this opinion.

[3] *State v. Ford*, 110 Wn.2d 827, 829, 755 P.2d 806 (1988). "The superior court shall review the decision of the court of limited jurisdiction to determine whether that court has committed any errors of law." RALJ 9.1(a).

[4] *City of Seattle v. Guay*, 150 Wn.2d 288, 295, 76 P.3d 231 (2003).

manifestly unreasonable, or is based on untenable grounds or reasons.[5]

■ ¶5 *Time for Trial.* A defendant must be brought to trial within 60 days of arraignment if he is detained in jail and within 90 days if he is not.[6] When the time for trial rule is violated, the remedy is dismissal with prejudice.[7] Former CrRLJ 3.3(g)(5) excludes from the time for trial calculation those periods when a defendant is detained outside the county:

> **Excluded Periods.** The following periods shall be excluded in computing the time for arraignment and the time for trial:
>
> . . . .
>
> (5) The time during which a defendant is detained in jail or prison outside the county in which the defendant is charged or in a federal jail or prison and the time during which a defendant is subjected to conditions of release not imposed by a court of the State of Washington.

Under the plain language of the rule, the time for trial was properly excluded because Steever and Chhom were both detained outside the county.

¶6 Steever and Chhom argue, however, that because their detention was under the control and authority of King County municipalities, they were constructively held within King County, and thus the county had a duty of good faith and due diligence to bring them to court to adjudicate those pending charges. Under the circumstances presented, this argument is unavailing.

¶7 *City of Seattle v. Guay*[8] is instructive. There the court considered whether a municipality has a duty of due

---

[5] *State v. Rundquist*, 79 Wn. App. 786, 793, 905 P.2d 922 (1995).

[6] Former CrRLJ 3.3(c)(1).

[7] Former CrRLJ 3.3(i).

[8] 150 Wn.2d 288, 76 P.3d 231 (2003).

diligence like that imposed on the State in felony cases,[9] such that if the location of the defendant is known and he or she is amenable to service of a warrant, the municipality must exercise due diligence to obtain his or her presence.[10] The court refused to impose such a duty, holding that although courts of limited jurisdiction have inherent authority to issue transport orders, their authority does not extend to compelling the holding county to release the defendant.[11] The court noted that statutes exist to facilitate transfers of felony defendants, but the legislature has created no mechanism by which courts of limited jurisdiction may compel the transfer of a misdemeanant held by another jurisdiction:

> The absence of such a mechanism in the case of misdemeanors is also significant because it leaves no guidance as to the allocation of costs or burdens involved in the transport of misdemeanant defendants between the counties. This type of allocation is legislative in nature and exceeds the authority of this court.[12]

Under these circumstances, the court held that time spent in jail in another county was properly excluded from the speedy trial calculation under former CrRLJ 3.3(g)(5).[13]

¶8 As courts of limited jurisdiction, the King County district courts were similarly without power to require Steever and Chhom's transport, even had the defendants been held in jails *within* the county. In *State v. George*[14] we noted that "[i]n practice such transports are common, but they depend upon voluntary cooperation and uncertain resources, and are thus unreliable." We held that under

---

[9] *See State v. Anderson*, 121 Wn.2d 852, 865, 855 P.2d 671 (1993) (State must exercise due diligence to bring a defendant to superior court where a mechanism exists to do so, such as the interstate agreement on detainers.).

[10] *Guay*, 150 Wn.2d at 295.

[11] *Id.* at 304.

[12] *Id.* at 301.

[13] *Id.* at 304.

[14] 131 Wn. App. 239, 245, 126 P.3d 93 (2006).

CrRLJ 3.3(c)(2)(ii) (failure to appear), time for trial was properly tolled on a municipal court charge where the defendant was held on a separate offense by another jurisdiction in the same county.[15] Similarly here, the fact that Steever and Chhom were incarcerated in Yakima County was irrelevant because the district courts were powerless to compel the King County municipalities to release them for transport, wherever they were housed. There was no speedy trial violation.[16]

¶9 In his reply brief, Chhom argues that CrRLJ 3.2.1(d)(1) required that he be brought to court regarding the King County district court charge before being transported to Yakima. Chhom made no assignment of error on this issue, nor did he argue it in his opening brief. We therefore decline to address it.[17]

¶10 We reinstate the King County district court charges against Steever and Chhom and remand for trial.

GROSSE and AGID, JJ., concur.

Review granted at 158 Wn.2d 1018, 1019 (2006).

---

[15] *Id.*

[16] We express no opinion as to whether a duty of due diligence exists under CrRLJ 3.3 where a defendant is held by the same jurisdiction in which the charges were pending.

[17] *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) (issue raised for the first time in reply brief is too late for consideration).