173 P.3d 234 (2007)
STATE of Washington, Respondent,
v.
Sarun CHHOM, Petitioner.
State of Washington, Respondent,
v.
Dennis Dean Steever, Petitioner.
Nos. 78463-9, 78464-7.
Supreme Court of Washington, En Banc.
Argued February 27, 2007.
Decided December 13, 2007.
*235 Christine Anne Jackson, Attorney at Law, Public Defender, Seattle, WA, for Petitioner.
Deanna Jennings Fuller, Attorney at Law, Prosecuting Atty, King County, Seattle, WA, for Respondent.
MADSEN, J.
¶ 1 The common issue in this consolidated case is whether a defendant is detained "outside the county" for purposes of former CrRLJ 3.3(g)(5) (2002) (tolling the time for trial)[1] when serving a sentence imposed by a court of limited jurisdiction within the charging county in a detention facility located outside the county. Petitioners Dennis Steever and Sarun Chhom were convicted of misdemeanor offenses in Seattle municipal court and Bellevue municipal court, respectively, but served their sentences in the Yakima County jail under an interlocal agreement between the King County cities and Yakima County. At the time, Steever and Chhom had additional charges pending in different King County district courts.
¶ 2 Although they asked to proceed with the adjudication of the pending charges, the State made no attempt to bring them to trial until they completed their sentences in Yakima. The district courts dismissed the charges for violation of the time-for-trial *236 rule, concluding that the time for trial did not toll during the petitioners' detention in Yakima. The Court of Appeals came to the opposite conclusion, reinstated the charges, and remanded for trial. We agree with the district courts and the superior court in Steever that a defendant is not held "outside the county" within the meaning of former CrRLJ 3.3(g)(5) when the defendant is sent outside the county to serve a sentence imposed by a court of limited jurisdiction within the county. We reverse the Court of Appeals.

FACTS
¶ 3 In response to an existing and projected shortage in jail capacity within King County, the 2002 legislature amended the City and County Jails Act, chapter 70.48 RCW, to allow cities to contract with other cities or counties for jail services. Laws of 2002, ch. 125, § 1. On August 27, 2002, 35 King County cities entered into an interlocal agreement with Yakima County for the housing of the cities' criminal defendants in the Yakima County jail.[2] Many of the cities also contract with one another or with King County for the housing of prisoners. The city of Seattle, for example, has contracts with King County and the city of Renton to house prisoners in the King County jail and the Renton municipal jail.
¶ 4 The interlocal agreement between the cities and Yakima authorizes Yakima County to remove an inmate from the jail upon written authorization of the committing court "or by order of any court having jurisdiction." Appellant's Reply Br. (App. 1, at 10). Under the agreement, the cities pay a daily fee for housing an inmate in the county jail. The daily fee includes "a minimum of one (1) roundtrip transport every day, seven days a week" (id. at 7) between the Yakima County jail and any detention facility in King County. The agreement obligates Yakima County "to transport as many City Inmates as are available for such transport." Id. at 8.

Chhom
¶ 5 On February 5, 2003, the city of Seattle charged Chhom in the Shoreline division of the King County District Court with second degree driving while license suspended. The court issued a bench warrant when Chhom failed to appear at a postarraignment pretrial hearing. On April 3, 2003, he was arrested and booked into the King County jail on an outstanding warrant arising from his conviction on another driving while license suspended charge brought by the city of Bellevue. Chhom was transported to the Yakima County jail to serve his sentence pursuant to Bellevue's interlocal agreement with Yakima County. On April 14, 2003, his attorney notified the King County District Court that Chhom was detained in Yakima and that he wished to have the Shoreline matter adjudicated. Clerk's Papers (CP) at 60. No action was taken until Chhom was released on June 19, 2003. That day, he was booked into the King County jail on the Shoreline warrant, and then released on his personal recognizance. CP at 55-57.
¶ 6 On October 3, 2003, the district court granted Chhom's pretrial motion for dismissal for violation of the time-for-trial rule, ruling that former CrRLJ 3.3(g)(5) (excluding period of detention "outside the county") did not apply to the period of Chhom's detention in Yakima. The State filed a RALJ appeal. CP at 27. The superior court reversed the district court. CP at 80. The Court of Appeals granted discretionary review and consolidated the case with Steever's.

Steever
¶ 7 On August 6, 2002, Steever was charged in King County District Court with driving while under the influence and first degree driving while license suspended/revoked. CP at 70, 133. On January 23, 2003, he was arraigned in-custody, while detained on unrelated charges filed by the cities of Burien and Seattle. CP at 102, 135. In February 2003, he was convicted of the unrelated *237 charges and transported to the Yakima County jail to serve his sentences. CP at 102. On February 19, 2003, Steever's attorney appeared at a hearing on his behalf. He informed the court that Steever was incarcerated in Yakima on the Burien and Seattle convictions but wished to proceed. CP at 110. Instead, the State requested a bench warrant so that Steever would be transported to the King County jail following the completion of his sentence in Yakima. His trial was set for July 14, 2003. He moved for dismissal for violation of the time-for-trial rule. On August 7, 2003, the district court granted the motion after concluding that the period of detention in Yakima County jail did not toll the time for trial on the King County charges. CP at 78. The State appealed the decision in superior court, which affirmed the district court. The Court of Appeals granted discretionary review.
¶ 8 The Court of Appeals affirmed the superior court in Chhom's case, reversed the superior court in Steever's case, and remanded for trial. The court held that the time Chhom and Steever were detained in Yakima is excluded from the time-for-trial calculation under the plain language of former CrRLJ 3.3(g)(5). This court granted discretionary review.

ANALYSIS

CrRLJ 3.3(g)(5)
¶ 9 A defendant must be brought to trial within 60 days of arraignment if he is detained in jail and within 90 days if he is not. Former CrRLJ 3.3(c)(1). This court has interpreted the phrase "[d]etained in jail" to mean detained on the current charge. State v. Hardesty, 149 Wash.2d 230, 231, 66 P.3d 621 (2003). The remedy for a violation of the time-for-trial rule is dismissal with prejudice. Former CrRLJ 3.3(i) (2002). Former CrRLJ 3.3(g)(5) excludes from the calculation of the time-for-trial the period of time that a person is detained outside the county:
(g) Excluded Periods. The following periods shall be excluded in computing the time for arraignment and the time for trial:
. . . .
(5) The time during which a defendant is detained in jail or prison outside the county in which the defendant is charged or in a federal jail or prison and the time during which a defendant is subjected to conditions of release not imposed by a court of the State of Washington.
¶ 10 The Court of Appeals determined that under the plain language of the rule the period of the petitioners' incarceration in Yakima is excluded from the time-for-trial on the charges pending in King County district court. The petitioners contend that the court erred in interpreting "detained . . . outside the county" as referring solely to a defendant's geographical location. They urge this court to interpret "detained . . . outside the county" to mean detained by another county or one of its political subdivisions. In their view, the Court of Appeals decision is inconsistent with the language of the rule when read as a whole and leads to arbitrary and absurd results.
¶ 11 The State responds that the Court of Appeals correctly gave effect to the plain language of the rule. The State argues that the court's interpretation of the rule properly acknowledges the impracticality of requiring courts to simultaneously litigate multiple cases. In the State's view, accepting the petitioner's interpretation would result in "chaos" and unnecessary dismissals as the most prolific cross-jurisdictional offenders assert their speedy trial rights.
¶ 12 We interpret a court rule as though it were enacted by the legislature, giving effect to its plain meaning as an expression of legislative intent. State v. Greenwood, 120 Wash.2d 585, 592, 845 P.2d 971 (1993). Plain meaning is discerned from reading the rule as a whole, harmonizing its provisions, and using related rules to help identify the legislative intent embodied in the rule. State v. Williams, 158 Wash.2d 904, 908, 148 P.3d 993 (2006).
¶ 13 When interpreting a court rule, this court has eschewed a literal reading of the language where such a reading fails to effectuate the intent of the rule. In Hardesty, 149 Wash.2d 230, 66 P.3d 621, we interpreted *238 the language "detained in jail" in CrR 3.3(c)(2)(ii). The Court of Appeals had determined that "[t]he plain language of the definition of time elapsed in district court is not restricted to those defendants in jail on the offense charged." State v. Hardesty, 110 Wash.App. 702, 710, 713, 42 P.3d 450 (2002). On review, the State argued that the Court of Appeals erred in interpreting the phrase "detained in jail" in CrR 3.3(c)(2)(ii) to mean, literally, "detained in any Washington jail on any charge." Hardesty, 149 Wash.2d at 234, 66 P.3d 621.
¶ 14 We agreed that the phrase "detained in jail," as the Court of Appeals held, literally meant "detained in any Washington jail on any charge." However, we also reasoned that a literal reading did not comport with a logical reading of the rule or with the rule's intent. Instead, we held that "the language and intent of CrR 3.3(c)(2)(ii) is best effectuated by reading `detained in jail' for purposes of determining `time elapsed in district court' as meaning detention on the current charge at the time of filing." Id. at 235-36, 66 P.3d 621 (emphasis added).
¶ 15 As in Hardesty, common sense and the intent underlying the rules compel us to reject a literal interpretation of former CrRLJ 3.3(g)(5). For the reasons discussed below, we agree with the defendants that the phrase "detained . . . outside the county" in former CrRLJ 3.3(g)(5) means detained by another county or one of its political subdivisions, not simply "in" another county.
¶ 16 In interpreting CrRLJ 3.3(g)(5), as referring solely to the geographical location of the detention facility, the Court of Appeals considered the words "detained . . . outside the county" in isolation. In focusing so narrowly, the court ignored the parallel phrases, "in a federal jail or prison" and "subjected to conditions of release not imposed by a court of the State of Washington." Former CrRLJ 3.3(g)(5). Reading these phrases together as a whole, it is apparent that former CrRLJ 3.3(g)(5) applies to circumstances when the defendant is under the control of a "foreign" jurisdiction. The rule recognizes that bringing to court a defendant who is under the jurisdiction of another county or state or the federal government may present unreasonable obstacles to the requesting court.
¶ 17 The jurisdictional focus of this rule is now explicit in the rule as amended in 2003. In the amendment, the court added a subheading to the rule, making it clear that the exemption applies to a "Defendant Subject to Foreign or Federal Custody or Conditions."[3] CrRLJ 3.3(e)(6). The addition of the subheading is the only difference between the former and current rule.
¶ 18 We find additional support for our interpretation of former CrRLJ 3.3(g)(5) in this court's interpretation of former CrR 3.3(g)(6) (2001). When interpreting a limited jurisdiction court rule, it is appropriate to consider an analogous superior court rule. State v. Mack, 89 Wash.2d 788, 576 P.2d 44 (1978). In this case the phrase "detained . . . outside the county" is analogous to the phrase "detained . . . outside the state" in the superior court counterpart to former CrRLJ 3.3(g)(5). Former CrR 3.3(g)(6). When interpreting the parallel superior court provision, this court explained that the exclusion applies when the defendant is beyond the jurisdictional reach of the State and thus not amenable to process, either because the defendant is outside the State's geographical borders or because the defendant is subject to federal process. State v. Stewart, 130 Wash.2d 351, 361, 922 P.2d 1356 (1996).
¶ 19 For purposes of the time-for-trial rule for courts of limited jurisdiction, a different county is treated as a foreign jurisdiction akin to a different state. Although the rule could have been drafted to provide that the exclusion applies whenever a defendant is detained by any court other than the charging court, it was not. Instead, the line is drawn at the county level. Accordingly, just as the exclusion for "detained . . . outside the state" does not apply when a defendant is detained by any county within the state under *239 former CrR 3.3(g)(6), the exclusion for "detained . . . outside the county" does not apply when a defendant is detained by any court of limited jurisdiction within the county.
¶ 20 The Court of Appeals in this case rejected the defendants' argument that the focus of the rule is jurisdictional, in part, by drawing on this court's recent opinion in Seattle v. Guay, 150 Wash.2d 288, 76 P.3d 231 (2003). The court noted that "although courts of limited jurisdiction have inherent authority to issue transport orders, their authority does not extend to compelling the holding county to release the defendant." State v. Steever, 131 Wash.App. 334, 338, 127 P.3d 749 (2006). The court rejected the premise that the State would have an obligation to bring the petitioners to court even if they had been incarcerated within the county. Relying on Guay, the court reasoned that the lack of a formal mechanism by which King County District Court could compel the cities of Seattle or Burien to release an offender from custody prior to the completion of a sentence relieves the State of any obligation to attempt to transport the defendant. Id. at 338-39, 127 P.3d 749 (citing Guay, 150 Wash.2d 288, 76 P.3d 231). Referring to its own decision, State v. George, 131 Wash.App. 239, 126 P.3d 93 (2006), aff'd on other grounds, 160 Wash.2d 727, 158 P.3d 1169 (2007), the court implied that the defendant's absence, under such circumstances, would recommence the time for trial under CrRLJ 3.3(c)(2)(ii) ("failure to appear"). The Court of Appeals reads Guay too broadly.
¶ 21 In Guay, former CrRLJ 3.3(g)(5) applied because the defendants were detained outside the charging county, serving terms of confinement that were not imposed by courts of limited jurisdiction within the charging county. Plainly, the rule contemplates that a defendant will be available for trial once he or she has been sentenced by a court of limited jurisdiction within the county. This has always been the case, and Guay did not purport to change the application of CrRLJ 3.3(g)(5) as it applies to persons held by courts within the county. The fact that no formal statutory mechanism exists to account for the costs or burdens of transporting misdemeanants between jails within the county is not relevant: the rule contemplates that such transport will occur, notwithstanding the absence of an accounting infrastructure.
¶ 22 Moreover, the issue in Guay was whether this court should place a due diligence requirement on the prosecution to transport a defendant detained by another county. In that case, we acknowledged that RCW 2.28.150 confers upon courts of limited jurisdiction the authority to issue transport orders. However, we declined to infer a due diligence requirement into former CrRLJ 3.3(g)(5) because "there is no mechanism available to courts of limited jurisdiction to facilitate and compel the transport of misdemeanant defendants between county jails of this state." Guay, 150 Wash.2d at 304, 76 P.3d 231. We distinguished State v. Anderson, 121 Wash.2d 852, 858, 855 P.2d 671 (1993), in which we did impose such a requirement under the superior court counterpart to former CrRLJ 3.3(g)(5), because "the State must exercise due diligence and good faith in securing a defendant's presence from another jurisdiction when there is a mechanism to do so." Guay, 150 Wash.2d at 301, 76 P.3d 231. In this case, we are not confronted with a defendant being held by another county. Rather, the defendants here are being detained by jurisdictions within King County.
¶ 23 In discerning the intent of the rule, it is also important to note that, until recently, municipal and district courts could not confine misdemeanants in jail facilities located outside the county. Under RCW 70.48. 190,[4] cities and counties were authorized only to operate jails within the county. Under former RCW 70.48.090 (1987), cities could contract only for jail services within the county borders.
¶ 24 The situation changed in 2002, when the legislature amended the City and County *240 Jails Act. The previous year, King County announced its intent not to renew contracts with the cities to house misdemeanant defendants in the county jail, due to an existing and projected shortage in jail capacity. See Final B. Rep. on Substitute H.B. 2541, 59th Leg., Reg. Sess., at 2 (Wash.2002). In response, the legislature adopted a statute allowing cities to contract for jail services with any city or county within the state. Laws of 2002, ch. 125, § 1; RCW 70.48.090(1) ("Contracts for jail services may be made between a county and a city, and among counties and cities."). Following the 2002 amendment, a defendant may be confined in the jail of any city or county within the state that contracts with the prosecuting city or county for jail services. RCW 70.48.220.
¶ 25 Although the 2002 amendments to RCW 70.48.220 make it possible for a court of limited jurisdiction to confine a defendant outside the county, the relevant question for purposes of applying former CrRLJ 3.3(g)(5) is whether the defendant is subject to the control of a court within the charging county. The 2002 amendment to the City and County Jails Act effectively extends the jurisdictional reach of a court beyond the county borders, allowing a court to incarcerate a defendant in an out-of-county facility without losing control over that defendant. The fact that the defendant is sent out of county to serve a sentence imposed by a court within the county does not make that defendant subject to a foreign jurisdiction for purposes of CrRLJ 3.3(g)(5).
¶ 26 There is no indication that the legislature intended to alter the operation of the time-for-trial rule when it amended RCW 70.48.220. The senate and house bill reports indicate that the legislature was aware that addressing the shortage in jail capacity by allowing cities to incarcerate defendants outside the county would give rise to the new challenge of transporting defendants from regional jails to court. Testimony in opposition to the bill focused on the logistical difficulties of transporting defendants to proceedings and providing adequate access to defense counsel. See Final B. Rep. on Substitute H.B. 2541, supra, at 3. The legislation requires prosecuting jurisdictions that incarcerate defendants in another county to provide adequate access to defense counsel via videoconferencing equipment. RCW 70.48.095(2). The legislature appears to have assumed that the cities would be required to take into account their responsibilities to provide adequate access to court and defense counsel in contracting for jail services outside the county.
¶ 27 Another rule of statutory construction is also important here: when interpreting a court rule we must avoid a literal reading of a statute if it would result in unlikely, absurd, or strained consequences. State v. Watson, 146 Wash.2d 947, 955, 51 P.3d 66 (2002). The absurdity of interpreting "detained . . . outside the county" as referring solely to the defendant's geographical location, without regard to which court issued the warrant of commitment, becomes apparent by considering the parallel law, which authorizes the State to incarcerate felony offenders in out-of-state jail facilities.
¶ 28 Under RCW 72.09.050, the Department of Corrections may contract with any other federal or state agency for the confinement of felony offenders in federal and/or out-of-state correctional facilities. According to the Department of Corrections website (http://www.doc.wa.gov/facilities/facility descriptions.htm), at any given time approximately 1,000 felony offenders are confined in out-of-state facilities on a warrant of commitment issued by a superior court in Washington. Nevertheless, a defendant detained under process issued by the State remains subject to the jurisdictional control of the State.
¶ 29 Obviously, such a person is not "detained . . . outside the state of Washington" for purposes of former CrR 3.3(g)(6). Rather, the out-of-state jail facility effectively operates as an arm of the State. The fact that process issued by the State is not effective beyond the state borders is irrelevant: the contract between the State and the out-of-state jail facility provides all the means necessary to compel the defendant's transport to this state.
¶ 30 Similarly, the interlocal agreement for jail services pursuant to which a court of limited jurisdiction may incarcerate a misdemeanant *241 in a jail facility outside the county provides the means necessary for a court to retrieve the defendant from the jail facility located outside the county borders. For purposes of former CrRLJ 3.3(g)(5), the defendant is detained within the county because the out-of-state jail facility operates as an arm of the prosecuting jurisdiction. Thus, as with the felony offender housed in an out-of-state prison, a defendant detained in Yakima on process issued by a municipal court in King County remains subject to the jurisdiction of the municipal court that ordered the confinement. It would be absurd to read former CrRLJ 3.3(g)(5) as tolling the time for trial whenever a defendant is detained outside the county without regard to whether the defendant remains subject to the control of a court within the county.
¶ 31 Additionally, a literal reading of former CrRLJ 3.3(g)(5) would allow the State to circumvent the time-for-trial rule simply by transporting a defendant to a jail facility located outside the county. The city of Seattle, for example, could avoid the expiration of the time for trial by shifting inmates from the King County jail or the Renton city jail to Yakima. Because the time for trial now automatically extends 30 days beyond the end of any excluded period, see CrRLJ 3.3(b)(5), a city could prolong the time for trial indefinitely if we were to accept the State's interpretation of the rule. A defendant's right to a timely trial should not depend on where a city or county elects to confine the defendant.
¶ 32 The State contends, though, that the Court of Appeals' interpretation appropriately acknowledges "competing interests of several misdemeanor courts, attempting to simultaneously litigate multiple cases." Suppl. Br. of Resp't at 8. The State argues that a literal interpretation of former CrRLJ 3.3(g)(5) is necessary to avoid the logistical difficulties of addressing several multiple pending misdemeanor charges in different courts.
¶ 33 The policy concern raised by the State is addressed by former CrRLJ 3.3(g)(2),[5] which excludes from the time for trial the entire period a defendant is detained pending the disposition of unrelated charges. State v. Huffmeyer, 145 Wash.2d 52, 61, 32 P.3d 996 (2001). Former CrRLJ 3.3(g)(2) relieves courts of the burden of simultaneously adjudicating multiple cases within the 60/90 day time-for-trial period. Although in practice it may be common for municipal and district courts to simultaneously adjudicate a defendant's multiple misdemeanor offenses, the time-for-trial rule allows the State to await the disposition of a pending unrelated charge before prosecuting a separate charge. Moreover, the exclusion for proceedings on unrelated charges applies regardless of where the unrelated charges are pending. Contrary to the State's assertion, rejecting a literal interpretation of CrRLJ 3.3(g)(5) that leads to absurd results will not interfere with the proceedings of other jurisdictions or wreck havoc on the courts.
¶ 34 Regardless of whether this court agrees with the defendants or the State as to the meaning of "detained . . . outside the county," the problem the State warns of will still exist under the rules since the time-for-trial rule contemplates that a defendant serving a term of confinement for misdemeanor offenses committed within the county is entitled to resolve charges pending in other courts within the county. For example, had the defendants here been held in the Renton city jail, the State would have been required to comply with the rule. Presumably, the drafters of the time-for-trial rule determined that when an unrelated matter has been disposed of, and when the defendant is subject to the jurisdiction of a court within the charging county, there is no compelling justification to delay the trial in view of the policy interests underlying the time-for-trial rule.
¶ 35 Relying on Guay, 150 Wash.2d 288, 76 P.3d 231, the State also argues that the defendants here are not "amenable to transport" because there is no mechanism by which a court of limited jurisdiction may compel another court to release a defendant from custody.
*242 ¶ 36 As mentioned earlier, in Guay this court acknowledged that any defendant within the state of Washington is amenable to process issued by a court of limited jurisdiction. Id. at 298, 76 P.3d 231. But, for purposes of applying former CrRLJ 3.3(g)(5), this court distinguished "amenability to process" from "amenability to transport." Guay, 150 Wash.2d at 304, 76 P.3d 231. We recognized that a court of limited jurisdiction has inherent authority to issue a transport order, effective statewide, but concluded there is no formal statutory mechanism by which a court could actually enforce that order outside the county.
¶ 37 The State contends that, as we concluded in Guay, "the intrastate transport problems (created by mobile, chronic misdemeanor offenders) involve questions that need to be resolved through legislative processes. The allocation of costs in developing a mechanism for transport and release alone is a significant legislative question." Suppl. Br. of Resp't at 9 (citation omitted).
¶ 38 What the State fails to recognize is that the cities may address these questions through the interlocal agreement for jail services. As previously discussed, the legislature was aware that allowing cities to contract outside the county for jail services would raise logistical difficulties that the cities would have to resolve in order for such arrangements to be effective. Cities that elect to house their prisoners outside the county have the responsibility to devise an adequate mechanism for the transportation of prisoners. The statutory authorization to contract for jail services under the Interlocal Cooperation Act, chapter 39.34 RCW, provides the necessary means to do so. The cities obviously recognized this fact when they contracted for jail services with Yakima County. Under the agreement, the cost of one round-trip transport between the county jail and any detention facility in King County is included in the daily fee charged for housing an inmate. Thus, transporting an inmate from Yakima to a court proceeding in King County will be no more financially burdensome than transporting an inmate from a jail facility within King County.[6]
¶ 39 The State further argues that misdemeanants held outside the county are not amenable to transport because a court of limited jurisdiction may not "override" a warrant of commitment issued by another court. In support, the State represented at oral argument that its interlocal agreement expressly prohibits Yakima County from transferring custody of an inmate without written authorization from the committing court. In fact, the agreement provides that "a City Inmate shall not be removed from the Yakima County jail by any person without written authorization from the City or by order of any court having jurisdiction." Appellant's Reply Br. (App. 1, at 9-10) (emphasis added). Thus, contrary to the State's assertion, the contract clearly contemplates that Yakima County jail authorities may release an inmate in compliance with an order from any court having jurisdiction. A transport order of a court of limited jurisdiction is effective statewide. Guay, 150 Wash.2d at 298, 76 P.3d 231. Here, the King County district courts could have issued a transport order to obtain the presence of the petitioners from the Yakima County jail.
¶ 40 Our decision would be the same even if the contract failed to provide for such release, either intentionally or as a result of poor drafting. We will not allow the cities to rely on a self-created logistical problem as an excuse for failing to comply with the time for trial rule.
¶ 41 The State also contends that interpreting the rule as the defendants urge has the potential to create conflicts when two or more jurisdictions are simultaneously prosecuting a defendant. In such instances, courts may issue conflicting transport orders. See, e.g., State v. Swenson, 150 Wash.2d 181, 190, 75 P.3d 513 (2003) (conflicting transport *243 orders prevented Jefferson County from bringing a defendant to trial before the resolution of charges in King County). First, CrRLJ 3.3(g)(2) addresses the issue by tolling the time for trial during the adjudication of unrelated charges. Moreover, the potential for such conflict already exists under the time for trial rule. We have no indication, as the State seems to suggest, that a court that has already convicted and sentenced a defendant would attempt to interfere with another court's prosecution of an unrelated charge.
¶ 42 In accord with our conclusion that the exclusion of time under former CrRLJ 3.3(g)(5) is limited to time during which a defendant is detained by another county or one of its subdivisions (or in prison outside the county, in a federal jail or prison, or subjected to conditions of release not imposed by a court of the state of Washington), we hold that the rule does not apply when a defendant is serving a sentence imposed by a court of limited jurisdiction within the charging county in a jail facility located outside the county under an interlocal agreement for jail services.
¶ 43 This interpretation better comports with the purpose of the time-for-trial rule, which is to "provid[e] a prompt trial for the defendant once prosecution is initiated." State v. Edwards, 94 Wash.2d 208, 216, 616 P.2d 620 (1980). As this court has explained:
Delay in bringing a matter to trial can result in substantial prejudice to defendants, including lost opportunities to serve at least partially concurrent sentences, potential for increased duration of imprisonment under the sentence the defendant is presently serving, and diminished ability to prepare for trial, including inability to consult with counsel and problems of stale evidence.
Anderson, 121 Wash.2d at 862, 855 P.2d 671.
¶ 44 Here the potential prejudice facing a defendant under the Court of Appeals' interpretation of the rule is the lost opportunity to argue for a concurrent sentence for separately prosecuted misdemeanor offenses as provided for by the legislature. See RCW 9.92.080.[7] Under the State's interpretation of former CrRLJ 3.3(g)(5), the opportunity for a concurrent sentence is effectively lost because a defendant will have completed his or her sentence before being brought to trial on other offenses committed within the charging county.
¶ 45 The petitioners also stress the unfairness of treating misdemeanants differently based solely on where the prosecuting authority elects to confine them. They point out that had they been confined in Renton city jail, the time for trial would not have tolled during their detention because Renton is within King County.
¶ 46 The general rule is that a defendant must be brought to trial within 60 or 90 days unless an event occurs that causes the time for trial to begin anew or toll. Under former CrRLJ 3.3(d)(2), the time for trial begins anew when a defendant fails to appear at a required proceeding following arraignment. Following our recent decision in State v. George, 160 Wash.2d 727, 158 P.3d 1169 (2007), that provision does not apply to a defendant who is absent because he or she is serving a term of confinement outside the county. Under former CrRLJ 3.3(g)(2), the time for trial tolls during the period a defendant is detained pending the disposition of unrelated charges, from arraignment through sentencing, regardless of geographical location. That provision is inapplicable here because Chhom and Steever were serving their sentences following the disposition of unrelated charges. Under former CrRLJ 3.3(g)(5), the time for trial tolls while a defendant is detained pursuant to process issued by a court outside the charging county. Because Chhom and Steever were detained on warrants of commitment issued by courts of limited jurisdiction within the county, former CrRLJ 3.3(g)(5) does not exclude the period of time they were detained in Yakima.[8]

*244 CONCLUSION
¶ 47 We hold that the exclusion of time under former CrRLJ 3.3(g)(5) is limited to time during which a defendant is detained by another county or one of its subdivisions. Thus, the rule does not apply when a defendant is serving a sentence imposed by a court of limited jurisdiction within the charging county in a jail facility located outside the county under an interlocal agreement for jail services. We further hold that the district courts correctly dismissed the charges. We reverse the Court of Appeals.
WE CONCUR: TOM CHAMBERS, CHARLES W. JOHNSON, SUSAN OWENS, MARY E. FAIRHURST, JAMES M. JOHNSON and BOBBE J. BRIDGE, JJ.
ALEXANDER, C.J. (dissenting).
¶ 48 The majority concludes that Sarun Chhom and Dennis Steever, who at all times material to this case were physically detained in the Yakima County jail, were not detained outside of King County. The majority reaches this remarkable conclusion by reasoning that defies the plain reading of a rule that this court adopted. The rule, former CrRLJ 3.3 (2002) (amended effective Sept. 1, 2003),[1] provides, in pertinent part, as follows:
(g) Excluded Periods. The following periods shall be excluded in computing the . . . time for trial:
. . . .
(5) [Defendant Subject to Foreign or Federal Custody or Conditions.] The time during which a defendant is detained in jail or prison outside the county in which the defendant is charged.

(Emphasis added.)
¶ 49 We interpret court rules in the same manner that we interpret statutes. State v. Carson, 128 Wash.2d 805, 812, 912 P.2d 1016 (1996). As with statutes, we must give effect to the plain meaning of the language of the rule. Dep't of Licensing v. Lax, 125 Wash.2d 818, 822, 888 P.2d 1190 (1995). When construing a rule or a statute, we read it in its entirety, giving effect to all language so that no portion is rendered meaningless or superfluous. State v. Keller, 143 Wash.2d 267, 277, 19 P.3d 1030 (2001). In State ex rel. M.M.G. v. Graham, 159 Wash.2d 623, 632, 152 P.3d 1005 (2007), we said this about construing a statute:
We generally begin our analysis with the text of the statute. [Am. Cont'l Ins. Co. v. Steen, 151 Wash.2d 512, 518, 91 P.3d 864 (2004) (citing State v. Watson, 146 Wash.2d 947, 954, 51 P.3d 66 (2002))]. If the text is clear and unambiguous on its face, we do not resort to statutory construction principles, such as legislative history, "even if we believe the legislature intended something else but did not adequately express it." Id. A statute is ambiguous only if it can be reasonably interpreted in more than one way and we do not try to discern "`an ambiguity by imagining a variety of alternative interpretations.'" Id. (quoting W. Telepage, Inc. v. City of Tacoma, 140 Wash.2d 599, 608, 998 P.2d 884 (2000)).
¶ 50 The meaning of the text of former CrRLJ 3.3(g)(5) is, in my view, clear and unambiguous. It provides that in computing the time for trial, the time in which a defendant is detained in a jail "outside the county in which the defendant is charged" is excluded from the time for trial. It does not say, as the majority concludes it does, that only the time the defendant is "detained by another county" is excluded. Majority at ___, 173 P.3d at 238.
¶ 51 Chhom and Steever were charged in a King County court but were jailed pending trial outside of King County in the Yakima County jail pursuant to sentences imposed by other King County courts. It follows from the language of the rule that the time these defendants spent in the jail in Yakima is *245 excluded from the time for trial computation. There is, in my judgment, no need, and, more importantly, no authority for us to look beyond this plain language of the rule and accord it a meaning that is contrary to its language. The majority does exactly that. If we apply, as we should, the principles set forth above, the only conclusion that can be reached is that the phrase "detained in jail or prison outside the county" refers to the geographic location of the jail where the defendant is detained and not the geographic location of the court that imposed the detention.
¶ 52 Even if there were a basis for concluding that the rule is ambiguous, which it is not, it is not our job to "`imagin[e] a variety of alternative interpretations.'" Am. Cont'l Ins. Co. v. Steen, 151 Wash.2d at 518, 91 P.3d 864 (quoting W. Telepage, Inc., 140 Wash.2d at 608, 998 P.2d 884). There is a process set forth in GR 9 that the Supreme Court is to follow in amending court rules. We should respect that rule on rule making and should not engage in the ad hoc amending process indulged by the majority.
¶ 53 In sum, if the rule in question is read as it should be read, the only conclusion that one can reach is that if pending trial a defendant is "detained in a jail . . . outside the county" in which he or she is charged, the time he or she spends in that out of county jail is excluded in computing the time for trial on the charge. Because Chhom and Steever were charged in King County and detained in the Yakima County jail pending trial, the time they spent in that jail "outside" of King County is excluded in computing the time for trial.
WE CONCUR: RICHARD B. SANDERS, J.
NOTES
[1] CrRLJ 3.3 was amended September 2, 2003. Subsection (g)(5) was renumbered (e)(6), but no substantive changes were made. The former version of the rule is referenced here because the petitioners cases occurred prior to the amendment.
[2] The parties to the agreement include Algona, Auburn, Town of Beaux Arts Village, Bellevue, Black Diamond, Bothell, Burien, Carnation, Clyde Hill, Covington, Des Moines, Duvall, Federal Way, Issaquah, Kenmore, Kirkland, Lake Forest Park, Maple Valley, Medina, Mercer Island, Newcastle, Normandy Park, North Bend, Pacific, Redmond, Renton, Sammamish, SeaTac, Seattle, Shoreline, Skykomish, Snoqualmie, Tukwila, Woodinville, and Town of Yarrow Point.
[3] In contrast to captions generated by the Washington State Code Reviser, section headings which are adopted as part of a statute may be referred to as a source of legislative intent. Covell v. City of Seattle, 127 Wash.2d 874, 887-88, 905 P.2d 324 (1995); State v. Lundell, 7 Wash. App. 779, 782 n. 1, 503 P.2d 774 (1972).
[4] In relevant part, RCW 70.48.190 provides: "Cities and towns may acquire, build, operate, and maintain holding, detention, special detention, and correctional facilities as defined in RCW 70.48.020 at any place within the territorial limits of the county in which the city or town is situated, as may be selected by the legislative authority of the municipality."
[5] Former CrRLJ 3.3(g)(2) is now CrRLJ 3.3(e)(2). The provision has been expanded to encompass sentencing proceedings, but otherwise remains the same.
[6] Indeed, the Seattle City Council deemed this a significant consideration when it passed a resolution in 2004 authorizing the expanded use of the Yakima County jail for pretrial detainees. See Seattle Ordinance 121431 (Mar. 29, 2004) ("WHEREAS the contract with Yakima County requires them to provide transportation for Seattle inmates between King County and Yakima 7 days a week at no additional cost to the City"), available at http://clerk.ci.seattle.wa.us/ (last visited Dec. 7, 2007).
[7] In relevant part, RCW 9.92.080(3) provides: "whenever a person is convicted of two or more offenses arising from separate and distinct acts or omissions, and not otherwise governed by the provisions of subsections (1) and (2) of this section, the sentences imposed therefor shall run consecutively, unless the court, in pronouncing the second or other subsequent sentences, expressly orders concurrent service thereof."
[8] Chhom further contends that the State violated CrRLJ 3.2.1(d)(1) when it failed to bring him to court on the Shoreline charge during the two day period he was housed in King County jail before being transported to Yakima. We find it unnecessary to reach this issue.
[1] CrRLJ 3.3 was amended in 2003. The changes to the rule were not substantive but, rather, renumbering of subsection (g)(5) to (e)(6).